**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------
IN RE:   FIDELITY/MICRON                  :        Civil Action No.
SECURITIES LITIGATION                     :        1:95-cv-12676-RGS
---------------------------------------------------------

THIS DOCUMENT RELATES TO:                 :
ALL ACTIONS                               :
---------------------------------------------------------

**ORDER APPROVING THE FINAL DISTRIBUTION AND DIRECTING A *CY PRES* DISTRIBUTION OF ANY LEFTOVER RESIDUAL FUNDS**

This Court, having considered Plaintiffs' Motion to Distribute Remaining Settlement Funds and for an Order Directing A *Cy Pres* Distribution of Any Leftover Residual Funds, the accompanying Declaration of Edward J. Sincavage In Support of Class Plaintiffs' Motion to Distribute Remaining Settlement Funds and for an Order Directing A *Cy Pres* Distribution of Any Leftover Residual Funds (the "Sincavage Declaration"), having considered all of the submissions and arguments with respect to the motion, and having ruled on the motion, ORDERS as follows:

1. The Court finds that the proposed plan of distribution (the "Final Distribution"), as set forth in the Sincavage Declaration, is fair and reasonable. The Court approves the Final Distribution and orders that it be effected, and retains jurisdiction to supervise the implementation and effectuation of the Final Distribution and this Order.

2. The Court approves the reimbursement of fees and expenses for implementing the Final Distribution to the Settlement Administrator, Heffler, Radetich & Saitta LLP ("Heffler"), in the amount of $12,496.05 from the Final Net Settlement Fund.

3. The Final Net Settlement Fund consists of $108,408.27. After subtracting $12,496.05 for the fees and expenses to the Settlement Administrator, there will remain $95,912.22 for distribution to Authorized Claimants. The Court authorizes payment to Authorized Claimants whose payment would equal $25 or more from the amount remaining in the Final Net Settlement Fund, as set forth in the Sincavage Declaration.

4. Plaintiffs' class counsel are hereby authorized to distribute the remaining Final Net Settlement Fund in accordance with this Order and the findings, conclusions and determinations set forth in the Sincavage Declaration. Such distribution shall occur no later than thirty (30) days from the date of the Order.

5. The Court directs that the distribution checks issued pursuant to this Final Distribution shall bear the notation "Void after 45 Days," and that no check shall be negotiated more than 90 days from the date the Settlement Administrator issues the checks. Checks that are not negotiated by the payee during this period will be void, and the accounts from which the funds would be drawn when a check is presented to a bank will be closed on the 91st day.

6. The Court directs that Plaintiffs' class counsel are authorized to distribute the balance remaining in the Final Net Settlement Fund on the 91st day from the date the Settlement Administrator issues the checks to be divided evenly among the following charitable organizations: (i) Greater Boston Legal Services; and (ii) Community Legal Services of Philadelphia.

7. The Settlement Administrator may destroy all claim files within 300 days from the date of this Order.

8. This Court reserves jurisdiction over any matters related to or ancillary to this Order.

Dated: March 26, 2020

**/s/ Richard G. Stearns**
United States District Judge